```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION
```

| | | |
|---|---|---|
| KUYKENDAHL-WP RETAIL I, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-4573 |
| | § | |
| WILD OATS MARKETS, INC. and | § | |
| WHOLE FOODS MARKET, INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Plaintiff, Kuykendahl-WP Retail I, L.P.'s ("Kuykendahl"), Motion to Remand (Docket Entry No. 20). Also pending before the court is defendant Wild Oats Markets, Inc. ("Wild Oats") and defendant Whole Foods Market, Inc.'s ("Whole Foods") Motion to Dismiss Counts II-IX of Plaintiff's Complaint (Docket Entry No. 17) and Kuykendahl's Response to Motion to Dismiss and, in the Alternative, Motion for Leave to Amend (Docket Entry No. 23). For the reasons stated below, the court will grant Kuykendahl's motion to remand.

### I. Factual and Procedural Background

This dispute arises out of a lease agreement originally entered into by Kuykendahl, a Texas partnership, and Wild Oats, a Delaware corporation.[1]  Wild Oats agreed to construct and open an

---

[1] Defendants' Notice of Removal, Docket Entry No. 1, Exhibit B, Plaintiff's Original Petition ¶¶ 2-3.  Although the parties have
(continued...)

organic grocery store in the Woodlands Crossing Shopping Center located in The Woodlands, Texas, which Kuykendahl agreed to construct. However, Wild Oats' plans changed after it was acquired by, and merged with, Whole Foods, a Texas corporation.[2]

The merger between Wild Oats and Whole Foods became final in August of 2007. On September 6, 2007, Whole Foods advised Kuykendahl to halt construction on Wild Oats' store. On September 12, 2007, Whole Foods advised Kuykendahl that it no longer wanted to construct a Wild Oats store. Finally, on October 1, 2007, Whole Foods repudiated the Lease Agreement and notified Kuykendahl that Wild Oats would not fulfill its obligations under the lease.[3]

In response, Kuykendahl filed suit in state court against both Wild Oats and Whole Foods. Kuykendahl alleged causes of action against Wild Oats for breach of contract, promissory estoppel, common-law fraud, statutory fraud, negligent misrepresentation, and breach of the duty of good faith and fair dealing; and against Whole Foods for tortious interference with contract. Kuykendahl also raised a claim of conspiracy and a claim for treble damages

---

[1](...continued)
not disclosed where Wild Oats' principal place of business is located, the court assumes that it is outside of Texas since neither party contends that it is in Texas.

[2] Id. ¶¶ 4, 7-11.

[3] Id. ¶¶ 7-11.

under the Texas Free Enterprise and Antitrust Act of 1983 ("TFEAA") against both Wild Oats and Whole Foods.[4]

After Kuykendahl filed its state court petition, Wild Oats and Whole Foods removed the action to this court on the basis of diversity jurisdiction.[5] Kuykendahl filed its Motion for Remand, arguing that the case should be remanded because of a lack of complete diversity between Kuykendahl and Whole Foods.

## II.  **Standard of Review**

Kuykendahl argues that the court must remand this suit back to state court because the court lacks subject matter jurisdiction. A defendant may remove an action from state to federal court only if the federal court has subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Defendants have asserted that this court has subject matter jurisdiction based on the court's diversity jurisdiction. For diversity jurisdiction to exist there must be "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." Lincoln Prop. Co. v. Roche, 126 S. Ct. 606, 610 (2005). The amount in controversy must also exceed $75,000. See 28 U.S.C. § 1332(a). Kuykendahl does not dispute that the amount in controversy exceeds $75,000. Kuykendahl's only argument is that the parties lack

---

[4]Id. ¶¶ 13-21.

[5]Defendants' Notice of Removal, Docket Entry No. 1, ¶¶ 7-8.

complete diversity since Kuykendahl is a Texas partnership and Whole Foods is a Texas corporation.

Whole Foods and Wild Oats concede that Whole Foods and Kuykendahl are nondiverse parties, but argue that the court may still maintain jurisdiction over this suit because Kuykendahl's joinder of Whole Foods was improper. "The doctrine of improper joinder is a 'narrow exception' to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a 'heavy one.'" Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (quoting McDonal v. Abbott Labs., 408 F.3d 177, 183 (5th Cir. 2005)). To succeed the removing party must establish either that there was "actual fraud in the pleading of jurisdictional facts" or "that there is no reasonable basis for predicting that the plaintiff will recover in state court." Gray ex rel. Rudd v. Beverly Enterprises-Miss., Inc., 390 F.3d 400, 405 (5th Cir. 2004).

Since neither Wild Oats nor Whole Foods has alleged actual fraud, the only issue before the court is whether Whole Foods has met its heavy burden of establishing that there is no reasonable basis for predicting that Kuykendahl will recover under Texas law. If there is "arguably a reasonable basis" for predicting that Kuykendahl will recover, joinder of Whole Foods is not improper and remand is required. Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002). However, "a

reasonable basis" means more than a mere hypothetical basis. Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999). For the plaintiff's purported basis for recovery to be "reasonable" there must be a "factual fit between the plaintiff's allegations and the pleaded theory of recovery." Id.  The court evaluates all factual allegations in the petition in the light most favorable to Kuykendahl and resolves all ambiguities in the controlling state law in Kuykendahl's favor. Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005).  Moreover, all "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

When deciding this issue a district court, in its discretion, can conduct either a "Rule 12(b)(6)-type analysis" in which the court looks only to the face of the state court petition; or a summary inquiry if "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." Smallwood v. Ill. R.R. Co., 385 F.3d 568, 573-74 (5th Cir. 2005).  Since neither party contends that a summary inquiry is necessary in this case, the court will look only to the face of Kuykendahl's state court petition.

### III. Analysis

In its state court petition Kuykendahl raised three causes of action against Whole Foods:  violation of the TFEAA, tortious

-5-

interference with contract, and conspiracy.  Whole Foods argues that its joinder to Kuykendahl's suit against Wild Oats was improper because there is no reasonable basis for predicting that Kuykendahl will recover under any of these claims.  However, the court concludes that it need only address whether there is a reasonable basis for predicting that Kuykendahl will recover under one of the three causes of action -- conspiracy.

"The essential elements [of civil conspiracy] are: (1) [a combination of] two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex. 1983).  "[L]iability for conspiracy depends on [the defendants'] participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable." Tilton v. Marshall, 925 S.W.2d 672, 681 (Tex. 1996). "Once a conspiracy is proven, each co-conspirator is responsible for all acts done by any of the conspirators in furtherance of the unlawful combination." In re Arthur Andersen LLP, 121 S.W.3d 471, 482 (Tex. App. -- Houston [14th Dist.] 2003, no pet.) (citing Carroll v. Timmers Chevrolet, Inc., 592 S.W.2d 922, 925 (Tex. 1979)).

In its claim for conspiracy Kuykendahl alleged that Whole Foods conspired with Wild Oats to engage in three underlying torts

-6-

-- violation of the TFEAA, tortious interference with contract, and fraud --; that Whole Foods and Wild Oats had a meeting of the minds and decided upon a course of action to accomplish their goal of committing the three torts; and that the defendants' unlawful conduct damaged Kuykendahl.[6]  Whole Foods argues that there is no reasonable basis for predicting that Kuykendahl will recover under its conspiracy claim because there is no underlying tort for which Kuykendahl may recover.[7]  Whether there is a reasonable basis for predicting that Kuykendahl will recover under its conspiracy claim thus depends on whether there is a reasonable basis for any of the three underlying tort claims.  Because the court concludes that there is a reasonable basis for predicting that Kuykendahl will recover under its claim of fraud against Wild Oats -- and thus its claim for conspiracy to defraud against Whole Foods -- the court will address only that claim.[8]

---

[6] Defendants' Notice of Removal, Docket Entry No. 1, Exhibit B, Plaintiff's Original Petition ¶ 20.

[7] Although Whole Foods argued in its Notice of Removal that it was legally incapable of conspiring with its subsidiary, Wild Oats, Whole Foods conceded that state law is ambiguous on this point. See Defendants' Notice of Removal, Docket Entry No. 1, ¶ 11 n.2 (citing decisions from Texas appellate courts that reach opposite conclusions as to whether a parent corporation may conspire with its subsidiary under state law).  Accordingly, this cannot be a proper basis for concluding that there is no reasonable basis for predicting that Kuykendahl will recover under its claim of conspiracy against Whole Foods.

[8] Kuykendahl did not distinguish its claim of common-law fraud from its claim of statutory fraud when it alleged that Whole Foods
(continued...)

Under Texas law fraud requires proof that a defendant made "'a material misrepresentation, which was false and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon and which caused injury.'" Oppenheimer, 94 F.3d at 194 (quoting DeSantis v. Wackenhut Corp., 793 S.W.2d 670, 688 (Tex. 1990)). Defendants argue that the allegations of fraud in the petition are insufficient to state a claim for fraud because they allege not that Wild Oats made false misrepresentations, but that Wild Oats told Kuykendahl the truth, i.e., that Wild Oats intended to open a store but changed its plans after the merger. But the petition plainly alleges that both before and after the merger with Whole Foods was announced Wild Oats made "several promises and assurances" to Kuykendahl that Wild Oats would perform according to the terms of the Lease Agreement;[9] that Wild Oats knew these promises and assurances were false when they were made; and that Wild Oats never intended to honor them.[10]  "A promise of future performance constitutes an actionable misrepresentation if the

---

[8](...continued)
engaged in a conspiracy to defraud. However, since the two fraud claims are "basically identical" the court's analysis applies equally to both claims. Oppenheimer v. Prudential Sec. Inc., 94 F.3d 189, 194 (5th Cir. 1996).

[9]Defendants' Notice of Removal, Docket Entry No. 1, Exhibit B, Plaintiff's Original Petition ¶¶ 9-10.

[10]Id. ¶¶ 9, 15-16.

promise was made with no intention of performing at the time it was made." <u>Formosa Plastics Corp. USA v. Presidio Engineers and Contractors, Inc.</u>, 960 S.W.2d 41, 48 (Tex. 1998).

The petition further alleges that Wild Oats made these promises with the intent to induce "Kuykendahl to grant accommodations and extensions, incur ongoing costs, and to forego exercising its legal rights under the Lease"; and that by relying on those assurances Kuykendahl was injured.[11] These allegations -- taken as true and construed in the light most favorable to Kuykendahl -- are sufficient to state a claim of fraud under state law. <u>Cf.</u> <u>Ferguson v. DRG/Colony N., Ltd.</u>, 764 S.W.2d 874, 883-84 (Tex. App. -- Austin 1989, writ denied) (holding that plaintiff's "general pleading" of a fraud claim was sufficient to state a claim, even though plaintiff stated merely that the defendant's actions were "fraudulent" and failed to specifically plead each element of fraud). More importantly, these allegations establish an "arguably reasonable basis" for predicting that Kuykendahl will recover under its fraud claim against Wild Oats, and thus its conspiracy claim against Whole Foods.

Whole Foods also argues that even if these allegations are sufficient to state a claim for fraud under Texas law, they are insufficient to meet the heightened pleading requirements of Rule 9

---

[11] <u>Id.</u> ¶¶ 10, 15-16.

of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 9(b) (requiring that parties plead fraud claims with particularity); see also Carroll v. Ft. James Corp., 470 F.3d 1171, 1174 (5th Cir. 2006) ("Rule 9(b) requires that plaintiffs plead enough facts to illustrate the who, what, when, where, and how of the alleged fraud." (internal quotations omitted)).  The problem with this argument is that it presupposes that Rule 9(b) governs Kuykendahl's petition, which was filed in state court.  Rule 81 of the Federal Rules of Civil Procedure states that the Federal Rules of Civil Procedure "apply to a civil action [only] after it is removed from a state court."  Fed. R. Civ. P. 81(c).  Thus, "[t]he federal rules do not apply to filings in state court, even if the case is later removed to federal court." Tompkins v. Cyr, 202 F.3d 770, 787 (5th Cir. 2000); see also id. at 787-88 (applying Texas Rule of Civil Procedure 13, not Federal Rule of Civil Procedure 11, to determine whether plaintiff's allegedly frivolous claims warranted the imposition of sanctions); Norsyn, Inc. v. Desai, 351 F.3d 825, 829 n.4 (8th Cir. 2003) (using state law, not Federal Rule of Civil Procedure 4, to determine whether plaintiff's service on defendant prior to removal was sufficient); Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1279 n.5 (9th Cir. 1980) (holding that issue of whether plaintiff failed to prosecute his case prior to removal was governed by state law, not Federal Rule of Civil

Procedure 41). Since Kuykendahl filed its petition in state court, whether the petition adequately states a claim of fraud is governed by Texas -- not federal -- procedure.

The Texas Rules of Civil Procedure do not require plaintiffs to plead a claim of fraud with particularity. See Ferguson, 764 S.W.2d at 883-84. Instead, "[a] special exception [under Rule 91] is the appropriate vehicle to require plaintiff to state more fully, clearly, and specifically the facts on which the plaintiff relies." Clayton v. Richards, 47 S.W.3d 149, 152 (Tex. App. -- Texarkana 2001, pet. denied). Prior to removal neither of the defendants filed a special exception to Kuykendahl's fraud or conspiracy claims.[12]

Because Kuykendahl has sufficiently stated a claim for fraud and the underlying tort claim necessary to state a claim for conspiracy against Whole Foods, the court concludes that Whole Foods' joinder was not improper, and the case will be remanded to state court for further proceedings.

### IV. Conclusion and Order

Based on the foregoing, Kuykendahl's Motion to Remand (Docket Entry No. 20) is **GRANTED**, and this action is **REMANDED** to the 410th Judicial District Court of Montgomery County, Texas.

---

[12]See Defendants' Notice of Removal, Docket Entry No. 1, Exhibit D, Index of Matters Being Filed.

The Clerk of this court will promptly provide a copy of this Memorandum Opinion and Order to the District Clerk of Montgomery County.

**SIGNED** at Houston, Texas, on this 18th day of March, 2008.

```
                              SIM LAKE
                   UNITED STATES DISTRICT JUDGE
```